**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|                           |   |                               |
|---------------------------|---|-------------------------------|
| ARNOLD REEVES,            | : |                               |
|                           | : | Civil Action No. 09-372 (RBK) |
|           Plaintiff,      | : |                               |
|                           | : |                               |
|           v.              | : |     **O P I N I O N**         |
|                           | : |                               |
| HARLEY LAPIN, et al.,     | : |                               |
|                           | : |                               |
|           Defendants.     | : |                               |

**APPEARANCES:**

Arnold Reeves, <u>Pro Se</u>
38595-054
Federal Correctional Institution
East: P.O. Box 2000
Fort Dix, NJ 08640

**KUGLER**, District Judge

Plaintiff, a federal prisoner confined at the Federal Correctional Institution, Fort Dix, New Jersey brings this civil action alleging violations of his constitutional rights. He has paid the filing fee.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the following reasons, the complaint must be dismissed.

## BACKGROUND

Plaintiff states in his complaint that in February of 2008, he was housed on the West Side of the Federal Correctional Institution, Fort Dix ("FCI"), and was scheduled for his first Program Review since his arrival. However, he was not seen by any member of the Unit Team at that time. Then, in March of 2008, Plaintiff was transferred to the East Side of the FCI, and was once again scheduled for a Unit Team review.

Plaintiff states that "the next day" he went to the Case Manager's Office, and met Mr. Walsh, and was told that Walsh was his acting Case Manager. Walsh asked Plaintiff if he had "team" on the West Side, and Plaintiff replied no. Walsh then produced a Program Review dated February 2008, and asked Plaintiff if it was his signature on the bottom of the Program Review. Plaintiff said it was not his signature. Walsh asked Plaintiff if he had ever met Ms. Rodriguez, his original Case Manager, and Plaintiff replied no. Plaintiff became "baffled and confused" by the Program Review, which Plaintiff claims is forged, and asked for, but was denied, a copy.

Plaintiff then asked Walsh for removal of his greatest severity from his classification. Walsh said he would review the records. Two days later, Walsh told Plaintiff that the greatest severity fits Plaintiff's criteria. Plaintiff disagrees.

Plaintiff argues that his constitutional rights have been violated because of the forged Program Review, and Walsh's

assessment that Plaintiff meets the criteria for greatest severity classification. He seeks to sue Harley Lapin, the Director of the Bureau of Prisons ("BOP"); Scott Dodrill, the Northeast Regional Director of the BOP; Warden Grondolsky of FCI Fort Dix; and Case Managers Walsh and Rodriguez. He seeks monetary damages.

## DISCUSSION

### A.   Standard for Sua Sponte Dismissal

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996). Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Torts Claims Act ... many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A, that a court must dismiss, at the earliest practicable time, actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir.

3

1992).  The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, ----, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8 pleading standard.  See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008).  The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element.  This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls

>    for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips*,* 515 F.3d at 234 (internal citations omitted).

**B.   *Bivens* Actions**

Plaintiff's claims against the federal officers have their jurisdictional basis under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).

Under Bivens, the Supreme Court held that one is entitled to recover monetary damages for injuries suffered as a result of federal officials' violations of the Fourth Amendment. In doing so, the Supreme Court created a new tort as it applied to federal officers, and a federal counterpart to the remedy created by 42 U.S.C. § 1983.[1]  The Supreme Court has also implied

---

[1]  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

5

Bivens damages remedies directly under the Eighth Amendment, see Carlson v. Green, 446 U.S. 14 (1980), and the Fifth Amendment, see Davis v. Passman, 442 U.S. 228 (1979).

In order to state a claim under Bivens, a claimant must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. See Mahoney v. Nat'l Org. For Women, 681 F. Supp. 129, 132 (D. Conn. 1987)(citing Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)).

Bivens actions are analogous to suits under 42 U.S.C. § 1983 against state officials who violate federal constitutional or statutory rights. The two bodies of law are not "precisely parallel;" however, there is a "general trend" to incorporate § 1983 law into Bivens suits. See Egervary v. Rooney, 80 F. Supp. 2d 491 (E.D. Pa. 2000) (citing Chin v. Bowen, 833 F.2d 21, 24 (2d Cir. 1987)).

**C.   Plaintiff's Complaint Will Be Dismissed.**

Plaintiff's claim that he does not meet the criteria for greatest severity classification is not sufficient to withstand sua sponte screening.

In general, an inmate does not have a liberty interest in assignment to a particular institution or to a particular security classification. See Olim v. Wakinekona, 461 U.S. 238,

6

245 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montayne v. Haymes, 427 U.S. 236, 243 (1976); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976)(noting that prison classification and eligibility for rehabilitative programs in the federal prison system are matters delegated by Congress to the "full discretion" of federal prison officials and thus implicate "no legitimate statutory or constitutional entitlement sufficient to invoke due process"); Newell v. Brown, 981 F.2d 880, 883 (6th Cir. 1992), cert. denied, 510 U.S. 842 (1993); Beard v. Livesay, 798 F.2d 874, 876 (6th Cir. 1986).

The Supreme Court has held that:

> [a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate' s treatment by prison authorities to judicial oversight.

Hewitt v. Helms, 459 U.S. 460, 468 (1983). See also Sandin v. Connor, 515 U.S. 472, 484-86 (1995)(holding that a liberty interest is implicated only where the action creates "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or creates a "major disruption in his environment"); Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 463 (1989)(holding that a liberty interest arises only where a statute or regulation uses "explicitly mandatory language" that instructs the decision-maker to reach a specific result if certain criteria are met); Walker v. Hughes, 558 F.2d

1247, 1252 (6th Cir. 1977)("Federal statutory law gives federal prison officials full discretion in the treatment of prisoners and does not restrict the authority of prison officials over the inmates as to placement in more restrictive living status, transfer to other prisons, subjection to significant and adverse effects on parole dates, and deprivation of privileges.").

In this case, Plaintiff alleges facts indicating that the BOP, through Walsh, reviewed Plaintiff's case and determined that Plaintiff's classification is proper. The BOP's determination, made in the exercise of the BOP's congressionally-delegated discretion, is entitled to a deferential standard of review by this Court. Moreover, the instant complaint does not allege facts indicating that Plaintiff's constitutional rights have been violated. Thus, this Court finds that the complaint for monetary damages must be dismissed, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).[2]

---

[2] To the extent that Plaintiff argues that his name was forged on the Program Review that was presented to him by Walsh, Plaintiff's claim must also be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), as Plaintiff does not allege facts that he suffered injury from the alleged forgery. Assuming Plaintiff's allegations as true, Walsh thereafter reviewed Plaintiff's case and continued Plaintiff's greatest severity classification regardless.

**CONCLUSION**

For the reasons set forth above, Plaintiff's complaint will be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted.  An appropriate order follows.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: May 8, 2009