**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| ARNOLD REEVES, | : | |
| | : | Civil Action No. 09-372 (RBK) |
| Plaintiff, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| HARLEY LAPIN, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Arnold Reeves, Pro Se
38595-054
Federal Correctional Institution
East: P.O. Box 2000
Fort Dix, NJ 08640

**KUGLER**, District Judge

　　Plaintiff, a federal prisoner confined at the Federal Correctional Institution, Fort Dix, New Jersey submitted several motions subsequent to the dismissal of his civil action.  The motions that remain pending are a motion for reconsideration filed on May 27, 2009 (docket entry 8), motion for rehearing and reconsideration filed on June 23, 2009 (docket entry 9), motion for summary judgment filed on July 2, 2009 (docket entry 10), and a motion for default judgment filed on July 30, 2009 (docket entry 11).

　　These motions were filed after Plaintiff's original complaint was dismissed on May 8, 2009 (docket entries 5, 6).

Plaintiff's case was reopened on July 22, 2009 for consideration of the motions (docket entry 14).  After the case was reopened, Plaintiff filed a motion to further develop evidence (docket entry 16).  That motion was denied without prejudice, and Plaintiff was granted leave to file a motion to amend by January 15, 2010 (docket entry 18).

## BACKGROUND

The facts surrounding Plaintiff's original filing are reproduced below from the Opinion of this Court dismissing his original filing (docket entry 5):

> Plaintiff states in his complaint that in February of 2008, he was housed on the West Side of the Federal Correctional Institution, Fort Dix ("FCI"), and was scheduled for his first Program Review since his arrival.  However, he was not seen by any member of the Unit Team at that time.  Then, in March of 2008, Plaintiff was transferred to the East Side of the FCI, and was once again scheduled for a Unit Team review.
>
> Plaintiff states that "the next day" he went to the Case Manager's Office, and met Mr. Walsh, and was told that Walsh was his acting Case Manager.  Walsh asked Plaintiff if he had "team" on the West Side, and Plaintiff replied no.  Walsh then produced a Program Review dated February 2008, and asked Plaintiff if it was his signature on the bottom of the Program Review. Plaintiff said it was not his signature.  Walsh asked Plaintiff if he had ever met Ms. Rodriguez, his original Case Manager, and Plaintiff replied no. Plaintiff became "baffled and confused" by the Program Review, which Plaintiff claims is forged, and asked for, but was denied, a copy.
>
> Plaintiff then asked Walsh for removal of his greatest severity from his classification.  Walsh said he would review the records.  Two days later, Walsh told Plaintiff that the greatest severity fits Plaintiff's criteria.  Plaintiff disagrees.

> Plaintiff argues that his constitutional rights have been violated because of the forged Program Review, and Walsh's assessment that Plaintiff meets the criteria for greatest severity classification. He seeks to sue Harley Lapin, the Director of the Bureau of Prisons ("BOP"); Scott Dodrill, the Northeast Regional Director of the BOP; Warden Grondolsky of FCI Fort Dix; and Case Managers Walsh and Rodriguez. He seeks monetary damages.

See Opinion, pp. 2-3. After careful consideration, this Court found that Plaintiff did not have a liberty interest in obtaining a particular security classification, that the BOP's determination that the classification was proper was entitled to deference, and that Plaintiff's constitutional rights were not violated. See Opinion, Discussion at pp. 6-8. This Court dismissed the complaint, pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## MOTIONS

### A.   Motion for Reconsideration (docket entry 8) and Motion for Rehearing and Reconsideration (docket entry 9).

Plaintiff's motion for reconsideration is essentially a letter to the Court to "put forth [his] best effort, to explain the incident, and show . . ." that the defendants violated his constitutional rights. (Motion, p. 1). Plaintiff argues in the motion that his criminal activity was not "otherwise extensive," in that the Sentencing Guidelines were misapplied to him. He states that because "his criminal activity was subject only to the two-level enhancement of Guidelines § 3B1.1(c), nonextensive, greater severity should be removed from [Plaintiff]." (Motion,

3

p. 3). Further, he argues that because defendant Rodriguez made a false statement that she was present with Plaintiff, she committed fraud. (Motion, p. 4).

In Plaintiff's Motion for Rehearing and Reconsideration, Plaintiff lists 12 "issues" for the Court's consideration. These issues concern a "conspiracy" to deny Plaintiff equal protection of the laws and by obstructing justice. (Motion, p. 1). In "Issue 7," Plaintiff argues again that the greatest severity classification should be removed. Other issues concern discovery and service of summons.

1. **Rule 59(e)**

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. See United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment or order under Federal Rule of Civil Procedure 60(b). See id. In the District of New Jersey, Local Civil Rule 7.1(i) (formerly 7.1(g)) governs motions for reconsideration. See Byrne v. Calastro, 2006 WL 2506722 (D.N.J. Aug. 28, 2006).[1]

---

[1] Byrne states:

> . . . in this District, Local Rule 7.1(g) creates a specific procedure by which a party may, within 10 days of the entry of an order,

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters which the party "believes the Judge or Magistrate Judge has overlooked" when it ruled on the motion.  See L. Civ. R. 7.1(i).  The standard for reargument is high and reconsideration is to be granted only sparingly.  See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.  See Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L. Civ. R. 7.1(i).  "The word

> ask either a District Judge, or a Magistrate Judge, to take a second look at any decision "upon showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Consequently, Local Rule 7.1(g) of the Local Rules of Civil Procedure, rather than Rule 59 of the Federal Rules of Civil Procedure, governs motions for reconsideration filed in the District of New Jersey.

Byrne, 2006 WL 2506722 at *1 (citations omitted).

5

'overlooked' is the operative term in the Rule." <u>Bowers</u>, 130 F. Supp.2d at 612 (citation omitted); <u>see also</u> <u>Compaction Sys. Corp.</u>, 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue.  <u>See</u> <u>SPIRG v. Monsanto Co.</u>, 727 F. Supp. 876, 878 (D.N.J.), <u>aff'd</u>, 891 F.2d 283 (3d Cir. 1989).  Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. <u>See Bowers</u>, 130 F. Supp.2d at 613; <u>Resorts Int' l. v. Greate Bay Hotel and Casino, Inc.</u>, 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); <u>Egloff v. New Jersey Air National Guard</u>, 684 F. Supp. 1275, 1279 (D.N.J. 1988).  Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision.  <u>See</u> <u>Resorts Int'l</u>, 830 F. Supp. at 831 n.3.  A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing.  <u>See</u> <u>Levinson v. Regal Ware, Inc.</u>, Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L. Civ. R. 7.1(i) does not allow parties to restate arguments which the court has already considered.  <u>See</u> <u>G-69 v. Degnan</u>, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a

6

difference of opinion with the court's decision should be dealt with through the normal appellate process. See Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

In this case, Petitioner does not assert that this Court overlooked a factual or legal issues that may alter the disposition of this matter-- Petitioner's argument concerning the alleged conspiracy and his repeated attempts to argue that he should not have the greatest severity classification, do not alter the disposition of this case. Thus, Petitioner is not entitled to relief on his motions under Local Civil Rule 7.1.

    **2.**   **Rule 60(b)**

Rule 60(b) provides, in pertinent part:

> On motion and just terms, the court may relieve a party
> or its legal representative from a final judgment,
> order, or proceeding for the following reasons: (1)
> mistake, inadvertence, surprise, or excusable neglect;

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

"The general purpose of Rule 60(b) ... is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done."  Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978) (quoted in Coltec Industries, Inc. v. Hobgood, 280 F.3d 262, 271 (3d Cir. 2002)).

    A motion filed pursuant to Rule 60(b) is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." Rule 60(b), however, "does not confer upon the district courts a 'standardless residual of discretionary power to set aside judgments.'"  Rather, relief under Rule 60(b) is available only under such circumstances that the "'overriding interest in the finality and repose of judgments may properly be overcome.'" "The remedy provided by Rule 60(b) is 'extraordinary, and [only] special circumstances may justify granting relief under it.'" Tischio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998) (internal citations omitted).

8

Relief is available only in cases evidencing extraordinary circumstances. See Ackermann v. United States, 340 U.S. 193 (1950); Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975). A motion under Rule 60(b)(6) "must be fully substantiated by adequate proof and its exceptional character must be clearly established." FDIC v. Alker, 234 F.2d 113, 116-17 (3d Cir. 1956).

To the extent a moving party seeks to relitigate the court's prior conclusions, Rule 60(b) is not an appropriate vehicle. "[C]ourts must be guided by 'the well established principle that a motion under Rule 60(b) may not be used as a substitute for appeal.' It follows therefore that it is improper to grant relief under Rule 60(b)(6) if the aggrieved party could have reasonably sought the same relief by means of appeal." Martinez-McBean v. Government of Virgin Islands, 562 F.2d 908, 911 (3d Cir. 1977) (citations omitted).

In this case, nothing presented by Petitioner in his motion challenges this Court's determination that the BOP's classification of Petitioner as a  not improper or unconstitutional. Further, Petitioner has not demonstrated that he satisfies any of the reasons warranting 60(b) relief. Petitioner has not shown entitlement to be relieved from the judgment due to mistake, inadvertence, surprise, or excusable neglect, see Rule 60(b)(1); has not presented newly discovered

9

evidence, see Rule 60(b)(2); and has not satisfied the criteria for Rule 60(b)(3)-(6).

Therefore, with regard to a Rule 60(b) motion, Petitioner has not demonstrated that he is entitled to relief from this Court's judgment of May 8, 2009. Nothing Petitioner presents in his motions or briefs convinces this Court that "extraordinary circumstances" exist which warrant 60(b) relief. Thus, Petitioner is not entitled to relief under Rule 60(b) and his motions will be denied.

**B.    Motion for Summary Judgment (docket entry 10).**

Plaintiff argues that he has used the grievance process to address his claims and that the BOP "has its own way of enforcing policy" and that they have "snubbed their noses at the Laws . . ." (Motion p. 3). Plaintiff gives examples of how he feels that the BOP has violated policies and laws.

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

In this case, the complaint was dismissed prior to a responsive pleading being served, and prior to discovery. Plaintiff has not demonstrated that there is no genuine issue as to any material fact. Plaintiff has mislabeled this Motion for

10

Summary Judgment, which is, in fact, a missive to the Court with various complaints about the BOP. Plaintiff's motion must be denied.

**C.     Motion for Default (docket entry 15).**

Plaintiff's motion for default argues that defendants never responded to his complaint and therefore, are in default.

Considering that Plaintiff's complaint had been dismissed and the case closed, he has not shown that defendants were, or are, in default. The case was reopened in order to entertain his motions, and Plaintiff has been granted leave to file an amended complaint. Therefore, it would fly in the face of common sense to order defendants to answer the complaint: the original complaint was dismissed, and Plaintiff has not yet filed a motion to amend his complaint. Thus, his motion will be denied.

## CONCLUSION

For the reasons set forth above, Plaintiff's motions will be denied. An appropriate order follows.

s/Robert B. Kugler<br>
ROBERT B. KUGLER<br>
United States District Judge

Dated: December 17, 2009